**Marlene HONCOOP, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.**

No. 02–35827.

D.C. No. CV–01–01084–MJP (JLW).

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2004.*

Decided Jan. 16, 2004.

David Namba, Bellingham, WA, for Plaintiff–Appellant.

Lucille G. Meis, Esq., Leisa Wolf, Esq., SSA–Social Security Administration, Office of the General Counsel, Seattle, WA, Brian C. Kipnis, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before GRABER and CLIFTON, Circuit Judges, and BREWSTER,** District Judge.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Rudi M. Brewster, Senior United States District Judge for the Southern District of California, sitting by designation.

MEMORANDUM ***

Plaintiff Marlene Honcoop appeals from the district court's judgment affirming a determination by the Commissioner of Social Security and in turn a decision of an administrative law judge (ALJ) that Plaintiff is not disabled. On de novo review, *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir.2003), we affirm.

1. Substantial evidence, including the medical evidence, the state agency's analysis, and Plaintiff's activities, supports the Commissioner's decision.

2. At the fourth step of the sequential analysis, the ALJ found that Plaintiff could perform light work. The ALJ found that Plaintiff was capable of satisfying each of the requirements for the performance of light work. The ALJ expressly adopted findings as to functional capacity, made by a state agency's examiner who opined that Plaintiff can lift and carry 10 pounds frequently. This sufficed as a predicate finding that Plaintiff could lift and carry 10 pounds frequently. "Magic words" are not required of an ALJ. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir.1989).

3. In addressing residual functional capacity, the ALJ did consider Plaintiff's sinusitis. The ALJ expressly concluded that the sinus condition was a non-severe impairment. The ALJ found, in other words, that exposure to irritants and vibrations did not significantly limit Plaintiff's ability to do basic work activities. The record evidence supports this finding. The ALJ was not required to include a *non*-significant limitation in stating Plaintiff's residual functional capacity.

4. The hypothetical question posed to the vocational expert was adequate. The vocational expert clearly understood that the ALJ was asking about a person who could perform only light work and who had additional restrictions. For example, the vocational expert stated that the person could return to past work "which was a light, unskilled job that would fit your hypothetical." The ALJ was not required to include conditions that permissibly were found *not* to constitute limitations.

AFFIRMED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.